AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 12 2026
CLERK, U.S. DISTRICT COURT
By ______ Deputy

United States of America
v.

Eric Acosta (01)
Amber Luther (02)

*Defendant(s)*

Case No. 2:26-MJ-153

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 11, 2026 in the county of Randall in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) | Possession with Intent to Distribute 50 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

R. Mincher
*Complainant's signature*

Randy Mincher, FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 8/12/26

Lee Ann Reno
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

**Affidavit in Support of Complaint**

**Cause Number 2:26-MJ-153**

I, Randy Mincher, being duly sworn under oath, do hereby depose and state:

1. I am a Task Force Officer with the FBI, and I have been so employed since January of 2025. I have been employed as a Police Officer with the City of Amarillo since 2005. As part of my duties as a Task Force Officer, I investigate criminal violations related to narcotics trafficking and illegal drug smuggling. I have been involved in hundreds of investigations of illegal contraband and have specialized training and knowledge in investigating the illicit smuggling, transportation, and trafficking of narcotics in violation of Title 21, United States Code, Section 841 (a)(1). I also have specialized training and knowledge in investigating the illicit proceeds of narcotic smuggling and trafficking in violation of Title 18, United States Code, Section 1956 (a)(1).

2. On August 11, 2026, members of the Amarillo Police Department Narcotics Unit were conducting surveillance at residence of Amber LUTHER, (A.K.A. Tennessee), the apartment complex located at 2727 Virginia, Amarillo, Texas. During the surveillance, Amarillo Police Department Narcotics Agent Randle Harlan observed Eric ACOSTA arriving at the apartment complex by vehicle. ACOSTA was observed carrying a paper sack as he walked into the interior of the apartment complex of the view of surveillance. Luther and Acosta are known to Agent Harlan from previous investigations as being involved with the distribution of methamphetamine.

3. After approximately twenty (20) minutes Acosta was observed exiting the interior of the apartment complex and getting into the driver's seat of the black Audi passenger car he had arrived in. When Acosta was observed exiting the interior of the apartment complex, he was no longer carrying the paper bag in his hand.

4. Physical surveillance followed Acosta as he drove away from the apartment complex. Acosta was the sole occupant of his vehicle. During the surveillance Acosta was followed to the neighborhood where his current residence of 121 N. Beverly Drive, Amarillo, Texas, is located. FBI TFO Randy Mincher and TFO Shea Lichtie observed Acosta make a right hand turn to travel north on Rosemont Street from Gem Lake Rd. Acosta failed to signal continuously for 100 feet prior to making the turn. Acosta turned his signal on approximately one car length or twenty feet prior to making the turn.

5. Amarillo Police Department Corporal Michael Williams operating a police motorcycle equipped with lights and sirens initiated a traffic stop with Acosta for the observed violation. Acosta failed to yield and evaded in his vehicle. While being pursued by officers, Acosta was observed dumping shards of off-white crystalline substance from a bag out the driver's window of his vehicle. Acosta drove off out of sight of the officers. Officers were able to collect approximately 73.86gg of the crystalline substance from the roadway. The crystalline substance field tested positive for the presence of methamphetamine.

6. Acosta was observed by officers a short distance from where he was last seen running into a convenience store located at S.W. 3rd and S. Western Street. Acosta was arrested by officers.

7. TFO Lichtie and TFO Mincher conducted an interview with Acosta. Acosta waived his rights and agreed to speak with law enforcement. During the interview Acosta admitted to dumping the methamphetamine out the window as he evaded in his vehicle. Acosta also admitted to distributing methamphetamine.

8. Acosta admitted while at the apartments located at 2727 S. Virginia Street, he went to the apartment of Amber LUTHER, (A.K.A. Tennessee) where Acosta met with Luther and provided her with approximately two (2) ounces of methamphetamine.

9. Acosta consented to a search of his residence where he admitted pound quantities of methamphetamine were located inside of a safe. During a search of the residence officers located a safe in a bedroom that contained seventeen (17) zip top sandwich style baggies of an off-white crystalline substance with an approximately weight of seventeen pounds. TFO Mincher knows this amount of methamphetamine is consistent with distribution opposed to possession for personal use.

10. On the same date officers located and arrested LUTHER or an outstanding State of Texas Parole warrant at the apartment complex located at 2727 S. Virginia, Amarillo, Texas. A search warrant was obtained to search LUTHER's apartment. During a search of the apartment officers located a clear bag containing approximately fifty-eight (58) grams of off-white crystalline substance that field tested positive for methamphetamine. The methamphetamine was located inside of a purse with LUTHER's identification. During an interview with LUTHER, LUTHER admitted to possession of the methamphetamine. TFO Mincher knows from training and experience the amount of

methamphetamine possessed by LUTHER is consistent with further distribution, as opposed to possession for personal use.

11. Based upon the foregoing, there is probable cause to believe that Eric Acosta and Amber Luther did knowingly and intentionally possess with the intent to distribute at least 50 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

R. Mincher
Randy Mincher
Task Force Officer
Federal Bureau of Investigation

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 12th day of August, 2026.

Lee Ann Reno
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Anna Marie Bell
Anna Marie Bell
Assistant United States Attorney